UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN SWILLEY

VERSUS

WARRIOR ENERGY SERVICES
CORPORATION F/D/B/A SPC RENTALS

CIVIL ACTION NO.:

JUDGE

MAGISTRATE JUDGE

JURY TRIAL

COMPLAINT

This is a civil action for damages arising from employment discrimination on the basis of disability in violation of the Americans with Disabilities Act, as amended ("ADAAA").

PARTIES

1.

Plaintiff is John Swilley ("Swilley" or "Plaintiff"), a person of the age of majority domiciled in Louisiana, and a former employee of the Defendant.

2.

Defendant is Warrior Energy Services Corporation, a Delaware corporation which did business in Minden, Louisiana, under the names "Superior Pressure Control" and "SPC." At all times relevant herein, Warrior had more than 15 employees. Warrior is an "employer" as that term is defined by the ADAAA.

## STATEMENT OF FACTS

3.

Plaintiff was employed by Warrior Energy Services Corporation and worked at the Minden, Louisiana, facility.

4.

Plaintiff's claims arise from drug testing that occurred at the facility on July 6, 2015, and the employer's discriminatory actions against Plaintiff during and after the drug test.

5.

Defendant Warrior Energy Services, Inc. discriminated against Plaintiff on the basis of disability in violation of the Americans with Disabilities Act, as Amended ("ADA"), 42 U.S.C. section, 12001, et seq.

6.

Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission and has received a Notice of the Right to Sue.

7.

Swilley is a qualified individual with a disability. He met the qualifications for his job position.

8.

Swilley is an individual with a disability because he was perceived or regarded by his employer as having an impairment, as that term is defined by the ADA.

9.

Swilley was erroneously perceived as engaging in the use of illegal drugs when he was not

doing so and his employer falsely labeled him an employee engaged in active drug use, when he was not. Plaintiff is a qualified individual with a disability pursuant to the ADAAA Rules of Construction, specifically 42 U.S.C. §12114(b)(3).

10.

Swilley was also regarded as having an impairment because he was subjected to an action prohibited by the ADA because of a perceived impairment.

11.

The discriminatory actions to which Swilley was subjected because of perceived impairment include, but are not limited to, the following:

    A. Classifying Swilley in such a way as to limit or adversely affect his job status or employment status.

    B. Warrior's participation in contractual or other arrangements with contractor vendor consortium databases that have the effect of subjecting an individual to disability discrimination;

    C. Warrior's use of standards, criteria, or methods of administration of its policies which are not job-related and consistent with business necessity and have the effect of discriminating on the basis of disability.

    D. Warrior had actual knowledge that the procedural irregularities and breaches of the standard of care in the *en masse* drug testing to which Swilley had been subjected would render the test results unreliable.

    E. Intentionally or recklessly disregarding Swilley's rights under the ADA, Warrior

subjected Swilley to a collection process and drug testing procedure that so grossly fell below the standard of care for such procedures that it could not qualify as a permissible employee "drug test" under the ADA. The employer knew that the drug testing procedure it utilized could not produce a reliable positive report of the use of an illegal substances and could not justify employment action on the basis of such use.

F. Warrior subjected Swilley to medical and health inquiries that were not job related and consistent with business necessity.

G. Warrior failed to maintain the confidentiality of Swilley's medical information.

12.

Warrior terminated Swilley's employment on the basis of his disability and in violation of the Americans with Disabilities Act.

13.

Warrior is liable to Swilley for back pay and benefits, compensatory damages, punitive damages, costs including expert witness fees and costs, and Swilley's attorney's fees.

14.

Plaintiff requests a jury trial.

**WHEREFORE**, Plaintiff prays that his complaint be deemed good and sufficient and that upon the conclusion of all due proceedings that a judgment be entered against Defendant Warrior Energy Services Corporation awarding Plaintiff compensatory and punitive damages and other

damages as described herein, plus costs of these proceedings, including expert witness fees and costs, attorney's fees, and interest as provided for by law. Plaintiff further requests all other legal and equitable relief to which Plaintiff may be entitled.

          Respectfully submitted,
          DOWNER, JONES, MARINO & WILHITE, L.L.C.

          By: */s/ Pamela R. Jones*
                **Pamela R. Jones, Bar Roll No. 19640**

          American Tower
          401 Market Street, Suite 1250
          Shreveport, Louisiana 71101
          318-213-4444 Telephone
          318-213-4445 Facsimile
          pjones@dhw-law.com Email

          **ATTORNEYS FOR JOHN SWILLEY**